# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL ONE, N.A., ) | 1:10-cv-01727 AWI GSA |
| ) | |
| Plaintiff, ) | **ORDER REGARDING DISMISSAL OF** |
| ) | **ACTION FOR FAILURE TO PROPERLY** |
| v. ) | **REMOVE THIS ACTION AND FOR** |
| ) | **FAILURE TO OBEY COURT ORDER** |
| AUGUSTIN LUGUE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

On September 21, 2010, Defendant Augustin Lugue filed a Notice of Removal with this Court. (Doc. 1.) That same date, Defendant filed an Application to Proceed Without Prepayment of Fees and Affidavit. (Doc. 2.)

On November 11, 2010, this Court issued an order denying Defendant's application. Defendant was ordered to pay the filing fee of $350.00 no later than December 13, 2010. (Doc. 3 at 3.) Defendant paid the fee as ordered on December 9, 2010. (Receipt No. CAE100013283.)

Additionally however, on November 11, 2010, Defendant was also ordered to "file all process, pleadings and orders served upon him in the state court action, on or before December 13, 2010; and [¶] Defendant shall immediately file a proof of service, indicating Plaintiff Capitol

1

One, N.A. and the Fresno County Superior Court ha[ve] been given written notice of this action." (Doc. 3 at 3.) Defendant was advised that a failure to comply with the Court's order would result in the dismissal of the action. (Doc. 3 at 3.)

## DISCUSSION

*Removal Not Effected*

A defendant seeking to remove a case from state court to federal court has the burden of showing he has complied with the procedural requirements for removal. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004.) Title 28 of the United States Code section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed . . . and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant . . ..
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (d) Promptly after filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

As was previously ordered by this Court on November 11, 2010, Defendant was to "file all process, pleadings, and orders served upon him in the state court action, on or before December 13, 2010."[1] (Doc. 3:6-8.) Additionally, Defendant was to "*immediately* file a proof of service, indicating Plaintiff Capitol One, N.A. and the Fresno County Superior Court" were provided with written notice of this removal action. (Doc. 3:9-10, emphasis added.) Here, Defendant had not properly removed the action from state court to federal court because he has

---

[1] In his Notice of Removal, Defendant referenced Fresno County Superior Court case number 10CLCL01193, however, a search of that Court's docket resulted in a "No case was found" notification.

2

failed to comply with the provisions (a) and (d) of Title 28 of the United States Code section 1446.  As a result, removal was not effected.  *See Beleos v. Life and Casualty Insurance Co.*, 161 F.Supp. 627, 628-629 (E.D.S.C. 1956) (remanding for defendant's failure to file a copy of the notice of removal with the state court where the state court, lacking notice of the removal, had in the interim entered default judgment against defendant); *see also Nixon v. Wheatley*, 368 F.Supp.2d 635, 639-640 (E.D. Tex. 2005).

The law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).  The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

In sum, due to Defendant's aforementioned procedural failures, the state court retains jurisdiction.

***Failure to Obey Court Order***

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

3

*v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since September 21, 2010, and there is no indication that Defendant intends to follow the legal requirements applicable to removal actions. *See* 28 U.S.C. § 1446(a) & (d). The third factor, risk of prejudice - in this case to Plaintiff in light of the removal action - also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. This Court's November 11, 2010, order expressly stated that Defendant was to file a proof of service reflecting that both

Plaintiff Capitol One, N.A. and the Fresno County Superior Court had received notice of his removal action, and Defendant was to file copies of all process, pleadings and orders filed in the state court action.  Additionally, Defendant was expressly warned: "Failure to comply with this Order will result in the dismissal of this action." (*See* Doc. 3 at 3.)  Thus, Defendant has had adequate warning that dismissal would result from noncompliance with the Court's order.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that this action be DISMISSED for Defendant's failure to properly effect removal to this Court and for a failure to comply with a Court order.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    December 16, 2010

CHIEF UNITED STATES DISTRICT JUDGE

5